IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESMOND L. SANFORD,          ) | |
|                               )   Plaintiff,         ) | |
| vs.                              ) | Case No. 17−cv−0055−MJR |
| LARRIE A. INGLES,         )<br>BROOKHARDT,              )<br>RAINES,                          )<br>APRIL RANKIN-WEMPLER, and  )<br>ILLINOIS DEPARTMENT OF    )<br>CORRECTIONS                  )<br>             Defendants.      ) | |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

Plaintiff Esmond Sanford, an inmate in Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Robinson Correctional Center. Plaintiff requests injunctive relief and damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

On August 2, 2016, Plaintiff was watching TV on his bunk during the 9:30 pm count. (Doc. 1, p. 8).  Plaintiff had his ID clipped to the shelf at the foot of the bed, and was sitting up in the top bunk.  *Id.*  Plaintiff alleges that his face was clearly visible from where he was sitting, and an officer could have easily seen both his face and ID for the purpose of conducting the count. *Id*.

Plaintiff alleges that he and Correctional Officer Ingles had bad blood between them due to Plaintiff's past grievances on Ingles and Ingles' past disciplinary reports on Plaintiff.  *Id*. Ingles conducted the count on August 2.  *Id.*  Plaintiff alleges that Ingles attempted to get his attention during the count by hitting and shoving him 3 times in the shoulder.  *Id*.  Plaintiff asked for a lieutenant so he could report this assault.  (Doc. 1, p. 9).  The lieutenant ordered Plaintiff to

cuff up and he was taken to segregation on investigative status. *Id*. Ingles later wrote Plaintiff a disciplinary ticket for 1) dangerous disturbance; 2) insolence; and 3) disobeying a direct order. *Id*.

Brookhardt interviewed Plaintiff as part of the investigation on August 4, 2016. (Doc. 1, p. 11). Brookhardt told Plaintiff that he would be transferred because he was alleging an officer assaulted him. *Id*. Plaintiff alleges that Warden Raines, Brookhardt, and Amy Rankin-Wampler, the grievance officer, all failed to investigate Plaintiff's allegations in order to cover up the alleged assault. (Doc. 1, pp. 10-11).

At the time of this incident, Plaintiff was in the Transitions program, and was going to become a Transition Aide. (Doc. 1, p. 9). But due to the disciplinary report, Plaintiff was transferred to a medium security institution, received 1 month C grade, and 1 month segregation. (Doc. 1-2, p. 3).

Plaintiff also filed a Motion to Add the Illinois Department of Corrections (IDOC) to the Complaint on the grounds that they hired the warden, and the warden was acting as an employee of the IDOC at the time of the relevant events. (Doc. 1-1). Plaintiff alleges failure to train and unconstitutional policy or custom. (Doc. 1-1).

### Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. All claims will be dismissed with prejudice at this time for failure to state a claim:

> **Count 1 –** Ingles used excessive force on Plaintiff in violation of the Eighth Amendment when he hit/shoved him in the shoulder three times;

**Count 2 –**   Brookhardt, Raines, and Rankin-Wampler violated Plaintiff's due process rights under the Fourteenth Amendment  when they refused to adequately investigate Plaintiff's allegations against Ingles, and instead disciplined Plaintiff;

**Count 3 –**   IDOC had an unconstitutional policy or custom to fail to train its wardens adequately, which caused Raines to violate Plaintiff's due process rights.

As to Plaintiff's **Count 1**, it has long been recognized that the "core requirement" of the claim under the Eighth Amendment is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). *See also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Factors that guide the Court's analysis of whether an officer's use of excessive force was legitimate or malicious are: the need for an application of force, the amount of force used, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury suffered by the prisoner. *Hudson*, 503 U.S. at 7; *Hendrickson*, 589 F.3d at 890; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004).

With regard to the last of these factors, while a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, "a claim ordinarily cannot be predicated on a *de minimis* use of physical force." *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001); *DeWalt v. Carter,* 224 F.3d 607, 620 (7th Cir. 2000) (citing *Hudson,* 503 U.S. at 9–10). Indeed, "the Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson,* 503 U.S. at 9–10 (citation and internal quotations omitted). Therefore, not every "malevolent touch by a prison guard" gives rise to a federal cause of action. *Id.* at 9 (citation and quotation omitted). In particular, the *DeWalt* court upheld the district court's dismissal of an

excessive force claim where the plaintiff alleged a "simple" shove caused minor bruising. 224 F.3d at 620; *see also Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004) (upholding grant of summary judgment where video showed only minor bumping and plaintiff pointed to no significant injury or need for medical attention).

The Court finds that the allegations here are analogous to *DeWalt* and must be dismissed. All Plaintiff has alleged was that he was shoved or hit in the shoulder 3 times. Plaintiff's narrative explicitly states that Ingles did so to get Plaintiff's attention; in various exhibits Plaintiff concedes that he was wearing headphones at the time of the incident. This raises an inference that the use of force was neither malicious or sadistic. Plaintiff does not allege that the touch was painful or that he suffered any physical injuries, like bruising or swelling, as a result of the contact. He does not allege that he needed medical treatment, nor does he appear to have received any. He does not request damages for physical injury. In fact, Plaintiff only requested damages for emotional and psychological injuries; it appears Plaintiff suffered only outrage as a result of the incident. He states more than once that the officer should not have laid hands on him. Plaintiff may be technically in the right, but the mere laying on of hands does not support an Eighth Amendment excessive force claim where the conduct is not "repugnant" and the inmate suffered no physical injury. **Count 1** will dismissed with prejudice.

Plaintiff has also failed to state a due process claim in **Count 2**. Plaintiff makes this allegation broadly, and the facts articulated by Plaintiff do not support a due process claim. First, Plaintiff alleges that his claims of assault were not properly investigated. But Plaintiff has no constitutional right to a prehearing investigation. *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995). Therefore, he has no claim that Brookhardt, Raines, and Rankin-Wampler failed to adequately investigate his allegations.

As to the discipline meted out to Plaintiff, prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994); *see also Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).

When a plaintiff brings an action under § 1983 for procedural due process violations, he also must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). But "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Id.* (citing *Lekas v. Briley*, 405 F.3d 602, 608-09, n. 4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest.")); *Whitford v. Boglino*, 63 F.3d 527, 522 n.3 (7th Cir. 1995) (Demotion in grade status does not implicate federal due process rights).

"[I]f the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh," then some process is needed.  *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009).  The Seventh Circuit has clarified that a court must consider the length of segregated confinement together with all of the conditions of that confinement in determining whether a liberty interest is implicated; it is an error to only consider terms of longer than six months, and conditions should not be considered in isolation from one another.  *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015).

Plaintiff's allegations that his due process rights were violated when he was disciplined fail because Plaintiff does not have a liberty interest in remaining at Hill Correctional Center, in the general population, or being a part of the Transitions program.  Participation in any given program is a privilege, not a right, and the removal of a participant from programing does not state a constitutional claim.  Although Plaintiff has alleged that he received time in segregation as a result of this incident, a one month assignment to the segregation unit is an extremely short period of time in a prison context.  And Plaintiff has not alleged that he was subjected to any unconstitutional conditions while in segregation.  Thus, Plaintiff has only alleged that the fact he was placed in segregation and transferred to a different institution violated his rights, but that position is squarely foreclosed by the case law.  Therefore **Count 2** will be dismissed **with prejudice**.

**Count 3** fails for two reasons.  First of all, Plaintiff had attempted to name the IDOC itself, which is not a suable entity because it is a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in

federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

Secondly, as the Court has found that Plaintiff's allegations of a due process violation fail to state a claim on which relief could be granted, the failure to train the Warden to avoid the alleged violations cannot be the basis of a claim. *Sallenger v. City of Springfield, Ill.*, 630 F.3d 499, 504-05 (7th Cir. 2010); *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). As Plaintiff does not have a liberty interest staying out of segregation, remaining at Hill Correctional Center, or participating in the Transitions program, his due process rights were not violated. Therefore, he cannot bring a claim that the IDOC failed to train its employees not to violate inmates' due process rights. **Count 3** will also be dismissed with prejudice for failure to state a claim.

## Disposition

**IT IS HEREBY ORDERED**, that Plaintiff's **Counts 1-3** are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Plaintiff will be assessed a strike pursuant to § 1915(g) for filing an action that fails to state a claim.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir.

1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: February 15, 2017**

s/ MICHAEL J. REAGAN
**U.S. District Judge**